IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBIE CRISP, | 1:13-cv-00816 GSA (PC) |
| Plaintiff, | |
| vs. | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| WASCO STATE PRISON, et al., | |
| Defendants. | (MOTION #9) |
| _____/ | |

On July 18, 2013, plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

-1-

     In the present case, the court does not find the required exceptional circumstances. At this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits. On July 10, 2013, Plaintiff requested leave to file an amended complaint, and on July 11, 2013, the court issued an order informing Plaintiff he has leave to file an amended complaint. (Docs.6, 7.) Thus, at this stage of the proceedings, the court expects Plaintiff to file an amended complaint which will replace the original complaint. After Plaintiff files the amended complaint, the court is required to screen it to determine if Plaintiff states any cognizable claims. 28 U.S.C. 1915A. Until the screening process is completed, the court cannot make any determination about the likelihood of Plaintiff's success on the merits. Moreover, based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. Therefore, Plaintiff's motion shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

     For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

     IT IS SO ORDERED.

**Dated:** **July 25, 2013**     /s/ **Gary S. Austin**
                                           UNITED STATES MAGISTRATE JUDGE