UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBIE CRISP, | 1:13-cv-00816-GSA-PC |
| Plaintiff, | ORDER DENYING MOTION FOR CHANGE OF VENUE |
| vs. | (Doc. 19.) |
| WASCO STATE PRISON, et al., | |
| Defendants. | |

## I. BACKGROUND

Obie Crisp ("Plaintiff") is a prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on May 30, 2013. (Doc. 1.) On July 29, 2013, Plaintiff filed the First Amended Complaint, which awaits the court's requisite screening under 28 U.S.C. § 1915A. (Doc. 13.)

On June 24, 2013, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (Doc. 5.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

On May 14, 2014, Plaintiff filed a motion for change of venue, which is now before the court. (Doc. 19.)

1

## II. PLAINTIFF'S MOTION

Plaintiff brings a motion for change of venue from the Eastern District of California to the Northern District of California, because he now resides at the California Health Care Facility in Stockton, California, which he asserts is situated in the Northern District, "San Francisco Division," and it will pose a medical hardship if he is required to attend trial in another venue. (Motion at 1 ¶1.) Plaintiff asserts that he is an obese ADA disabled patient in a wheelchair, suffering from arthritis in his back and knees.  Plaintiff also argues that because he already has a case in the Northern District, it would be easier on the courts to have all of his cases "under the same courthouse," in light of his medical accommodations. (Motion at 1¶2.)

### A. Change of Venue

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).  "Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district."  28 U.S.C. §1404(b).  "A district court may order any civil action to be tried at any place within the division in which it is pending."  28 U.S.C. §1404(c).

### *Discussion*

Plaintiff's claims in the First Amended Complaint, brought pursuant to 42 U.S.C. § 1983, stem from events that occurred at Wasco State Prison ("WSP") in Wasco, California, and the sole named defendant was employed at WSP at the time of the events at issue.  Because the defendant resides in the Eastern District of California, and all of the events giving rise to

Plaintiff's claim occurred in the Eastern District, venue for this action is proper only in the Eastern District of California, and the action could not have been brought in any other district. Therefore, the court may not transfer this case to the Northern District of California.

In any case, Plaintiff is mistaken in his assertion that Stockton, California, is situated in the Northern District of California. The city of Stockton, located in San Joaquin County, California, is within the boundaries of the Eastern District of California, Northern Division. In the event that Plaintiff seeks to transfer his case to the Northern Division of the Eastern District of California, Plaintiff has not shown good cause. Plaintiff's argument based on the possibility that he may be required to travel a distance to attend trial in this action is speculative at this stage of the proceedings. Plaintiff's case may be resolved without a trial, or Plaintiff may be moved to another facility closer to the trial court during the pendency of this action. Plaintiff's argument that venue should be changed for the convenience of the court, so that all of his cases are "under the same courthouse," is without merit. Therefore, Plaintiff's motion for change of venue shall be denied.

**III.    CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for change of venue, filed on May 14, 2014, is DENIED.

IT IS SO ORDERED.

Dated:   **May 15, 2014**                         **/s/ Gary S. Austin**
                                                 UNITED STATES MAGISTRATE JUDGE